United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NEMAT ASGARI, ZEIAD I.          )
SALMAN, ANTHONY G.              )
SOLOMITO,                       )
                                )
        Plaintiffs,             )
                                )
    v.                          )
                                )
DR. R. MEYERS, M.D., et al.,    )
                                )
        Defendants.             )
_____ )

No. C 08-5693 MMC (PR)

**ORDER OF TRANSFER**

**(Docket No. 2)**

On December 19, 2008, plaintiffs, three California prisoners incarcerated at the California Men's Colony ("CMC") in San Luis Obispo, California, and proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiffs allege they are receiving constitutionally inadequate dental care at CMC.  They seek injunctive relief and monetary damages.

Venue may be raised by the court sua sponte where the defendant has not filed a responsive pleading and the time for doing so has not run.  See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).  When jurisdiction is not founded solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to

the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  See 28 U.S.C. § 1391(b).  When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice."  See 28 U.S.C. § 1406(a).

It is clear from the complaint that plaintiffs' claims arise out of acts allegedly committed by dentists and other health care professionals employed at CMC.  Consequently, as CMC is located in San Luis Obispo County, which, in turn, is located in the Central District of California, venue is proper in the Central District, not in the Northern District. See 28 U.S.C. § 84(c).

Accordingly, in the interest of justice, and pursuant to 28 U.S.C. § 1406(a), the above-titled action is hereby TRANSFERRED to the United States District Court for the Central District of California.  In light of the transfer, this Court will defer to the Central District with respect to plaintiffs' application to proceed in forma pauperis.

This order terminates Docket No. 2.

IT IS SO ORDERED.

DATED: January 7, 2009

_____
MAXINE M. CHESNEY
United States District Judge

United States District Court
For the Northern District of California

2